FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 25, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>          v.<br><br>AHMAD K. BACHAY,<br><br>                              Defendant. | No. 4:21-CR-06042-MKD-5<br><br>**CASE MANAGEMENT ORDER** |

The Court enters the following Case Management Order, which sets forth the hearings and requirements the parties are to observe in this matter. To the extent this Order conflicts with any previously-entered Orders in this matter, this Order shall govern. All counsel are expected to carefully read and abide by this Order. The Court will grant relief from the requirements in this Order only upon motion and good cause shown.

**IT IS HEREBY ORDERED:**

1.    **Local Criminal Rules.** Counsel shall comply with the Eastern District of Washington Local Criminal Rules of Procedure (LCrR), except

CASE MANAGEMENT ORDER – 1

where specifically modified below or by subsequent Order.

2. **Emailing the Court.** Where this Order requires counsel to email documents to the Court, all documents shall be attached to the email in Microsoft Word (.doc/.docx) or rich-text (.rtf) format. The subject line of each email shall be formatted as follows:

**[Case No.]; [Case Name]; [Title of Document]**

(e.g.: 13-cr-9999-MKD; USA v. Doe; Trial Brief)

3. **Discovery**

A. All discovery documents must be Bates-stamped with a unique identifier and must be produced digitally in a text-searchable format. The Court will grant relief from this requirement only in exceptional circumstances, upon motion and good cause shown.

B. Production of discovery shall be governed by Local Criminal Rule 16. *See* LCrR 16.

C. The Court presumes a request for discovery and disclosure under Federal Rules of Evidence 404(b), 608(b), and 609, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and their progeny, and as such these items are

CASE MANAGEMENT ORDER – 2

1  ordered disclosed by the deadline set forth in Local Criminal

2  Rule 16.

3      **D.**    At arraignment or within 14 days thereafter, the United States is

4  required to disclose evidence relating to Defendant's guilt or

5  punishment that might reasonably be considered favorable to

6  the Defendant.  *See* LCrR 16(a)(6); *see also Brady*, 373 U.S.

7  83; *United States v. Agurs*, 427 U.S. 97 (1976); Fed. R. Crim.

8  P. 5(f).[1]  This is a continuing duty for newly discovered

9  evidence.  LCrR 16(c); *see also* ECF No. 1384.

10      **E.**    Pursuant to Federal Rule of Criminal Procedure 16(d)(2),

11  failure to comply may result in an order permitting the

12  discovery or inspection; granting a continuance; or any other

13  order that is just under the circumstances (including contempt,

14  sanctions, referral to a disciplinary authority, dismissal of

15  charges, exclusion of evidence or witnesses, and adverse jury

16  instructions).

17

---

18  [1] Nothing in this requirement enlarges or diminishes the United States' obligation

19  to disclose information and evidence to the Defendant under *Brady* and its

20  progeny.

CASE MANAGEMENT ORDER – 3

**4.    Expert-Witness Summaries**

    **A.**    When each party produces to opposing counsel summaries of its expert-witness testimony for which disclosure is required under Federal Rule of Criminal Procedure 16 and Local Criminal Rule 16, counsel shall also email an electronic copy of the summary to the Court at DimkeOrders@waed.uscourts.gov.

    **B.**    All summaries of expert witness testimony must conform to Federal Rule of Criminal Procedure 16, Local Criminal Rule 16, and applicable case law interpreting those Rules.  The Court will not permit an expert witness to testify about opinions which are not explicitly expressed in that expert's summary. *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008).

**5.    CM/ECF Technical Assistance.**  Parties requiring technical assistance concerning the CM/ECF system, such as the procedures for filing non-scannable exhibits, shall consult the District's "Electronic How To" page (https://www.waed.uscourts.gov/electronic-how) or contact the CM/ECF Help Desk by phone at (866) 236-5100 or (509) 458-3410 or by email at ecfinfo@waed.uscourts.gov.  Inquiries requesting technical

assistance concerning the CM/ECF system shall not be directed to the Judge's chambers.

6.  **Motions Practice**

    A.  ***Generally.***  All motions shall either be: a) noted for hearing without oral argument fourteen (14) days after filing, or b) noted for hearing with oral argument at the pretrial conference pursuant to Local Criminal Rule 12(c).  Responses and replies to motions must be filed in accordance with Local Criminal Rule 45 and 47, which incorporate the requirements of Local Civil Rule 7.1.

    B.  ***Expedited Hearing.***  Any party seeking an expedited hearing on a time-sensitive matter must comply with Local Criminal Rule 12(c)(3).

    C.  If a case has more than one defendant, the Court will construe any motion, including motions to continue, as applying to *all* defendants, unless that defendant indicates they do not wish to be joined in the motion.  **Defendants thus do not need to file motions to join.  Any Defendant wishing to opt-out of a motion shall file a notice so stating within seven days of the filing of the motion.**

**D.** ***Sealed Documents.*** Any and all sealed documents shall be filed by the parties under the sealed event as a sealed document. The parties are not required to file a separate motion to seal a document. The parties shall file any objections to a sealed document by no later than five days after the filing of the sealed document. The Court will thereafter review the sealed document and any objections filed to determine whether the document should be unsealed. Any party filing a sealed document shall email DimkeOrders@waed.uscourts.gov to inform the Court of the filing. The email shall note the ECF number of the sealed document and the general nature of the document.

**7.** **Witness Testimony.** At any hearing, including trial, in which witness testimony is given, the witness must testify in Court. Absent exceptional circumstances, a testifying witness may not appear by telephone or video conference.

**8.** **Trial Continuances**

**A.** ***Motion Deadline.*** All motions to continue the trial must be heard before or at the pretrial conference. **Any motion to continue trial made after the pretrial conference has**

**occurred will not be granted absent exceptional circumstances**.

**B.**  ***Statement of Reasons.***  If the Defendant seeks a continuance, a Speedy Trial Waiver and Statement of Reasons in support of the motion to continue must be filed contemporaneously with the motion.[2]  The Statement of Reasons must 1) be signed by the Defendant, 2) be signed by a certified translator, if applicable, and 3) indicate the latest date upon which Defendant is willing to proceed to trial.  **The Court requests that the Speedy Trial Waiver and Statement of Reasons extend two weeks past the new proposed trial date.**

**C.**  ***Procedure.***  Before filing a motion to continue, counsel shall first contact the Courtroom Deputy at (509) 943-8172 to obtain new pretrial conference and trial dates consistent with the length of the requested trial continuance.  Thereafter, counsel

---

[2] The Court's Speedy Trial Waiver and Statement of Reasons form can be found at the following link:

https://www.waed.uscourts.gov/sites/default/files/forms/Speedy%20Trial%20Waiver%205-13-22.docx

CASE MANAGEMENT ORDER – 7

shall confer with opposing counsel regarding case management

deadlines[3] consistent with the new pretrial conference and trial

date. **All motions to continue must include proposed case

management deadlines (either joint or individual) to ensure

the to-be-imposed deadlines are best suited to this case.**

9.     **Pretrial Conference**

A.     The Pretrial Conference is scheduled as indicated in the

Summary of Deadlines below. At this hearing, the Court will

hear **ALL** pretrial motions that are noted for oral argument.

B.     All pretrial conferences are scheduled to last no more than

**thirty (30) minutes**, with each side allotted **fifteen (15)

minutes** to present their own motions and resist motions by

opposing counsel. If any party anticipates requiring longer than

fifteen minutes, that party must notify the Courtroom Deputy at

least seven (7) days prior to the hearing. **<u>Any party who fails</u>**

---

[3] A form with the Court's standard case management deadlines can be found at the

following link:

https://www.waed.uscourts.gov/sites/default/files/forms/Proposed%20CMO%20D

ates%20for%20Public%20Website.docx

CASE MANAGEMENT ORDER – 8

**to provide this notice will be limited to fifteen (15) minutes.**

C.   If a motion is to be heard with oral argument, and a party plans to call witnesses or present exhibits, that party must file an exhibit and/or witness list by no later than **72 hours** before the hearing on the motion.

D.   If a party intends to use a laptop, thumb drive, or DVD or CD for presentation of documents, or audio or video recordings, that party must contact the Courtroom Deputy at least **one week** prior to the hearing and confirm the compatibility of the technology and equipment.

E.   If a party intends to use a demonstrative exhibit, such as a PowerPoint presentation, it must be submitted to the Court and all opposing parties at least **24 hours** prior to its intended use.

**10.   Exhibit Lists**

A.   On the date set forth in the Summary of Deadlines, after conferring with counsel, each party shall file a list of exhibits the party intends to introduce at trial.  Each party shall also email copies of their exhibit list to the Court at DimkeOrders@waed.uscourts.gov.

The parties shall provide their exhibit list in the following format:

| Ex. # | Admitted | Description |
|---|---|---|
| 1 | | Photograph of items seized |
| 2 | | Aerial video surveillance from 1/1/2011. Start Time: 01:03:23 End Time: 01:09:54 |

Exhibit lists shall include a unique exhibit number and a brief description of the exhibit.  For all exhibits consisting of an audio or video file, the exhibit list must designate the precise beginning and ending time indexes of the portion of the file the party intends to use at trial.

B.    The United States shall consecutively number their exhibits from **1 to 999**.  In single-defendant cases, Defendant shall consecutively number exhibits from **1000 to 1999**; in multi-defendant cases, Defendants shall consecutively number exhibits from x000 to x999, substituting "x" for each Defendant's assigned case identifier (e.g., Defendant 3 would number exhibits from 3000 to 3999, etc.).  Exhibits shall be pre-marked for identification before trial commences.

CASE MANAGEMENT ORDER – 10

**11.    Witness Lists.**  On the date set forth in the Summary of Deadlines, after conferring with counsel, each party shall file and serve a list of witnesses that party intends to call to testify at trial.  **The witness list must identify the existence, but need not include the name, of any confidential informant (CI) the United States intends to call to testify.**  Parties shall email copies of their witness list to the Court at DimkeOrders@waed.uscourts.gov.

**12.    Trial Briefs, Proposed Jury Instructions and Verdict Form, and Requested Voir Dire.**  On the date set forth in the Summary of Deadlines, after conferring with counsel, each party shall file a trial brief, proposed jury instructions and verdict form, and requested voir dire, in accordance with the requirements below.  Each party shall email copies to the Court at DimkeOrders@waed.uscourts.gov.

    **A.**    ***Trial Briefs.***  Trial briefs shall not exceed twenty (20) pages without prior Court approval, upon motion and good cause shown.

    **B.**    ***Proposed Jury Instructions and Verdict Form.***  Jury instructions shall 1) address issues that are unique to the case, and 2) include instructions regarding the elements of each charge or defense.  If a Ninth Circuit Model Jury Instruction

1    exists for a particular charge or defense, the parties shall

2    provide the model instruction or shall submit argument as to

3    why the instruction is inadequate or no longer supported by

4    law. Proposed jury instructions shall be accompanied by a

5    proposed verdict form. **The parties must confer to develop**

6    **joint proposed jury instructions and the verdict form.** The

7    Court will only accept an individual party's proposed jury

8    instructions on those points/issues upon which the parties could

9    not agree, and only if the party's memoranda accompanying the

10    individually-proposed instruction(s) sets forth the legal

11    authority and justification for why the instruction is necessary.

12    C.    ***Requested Voir Dire.*** The parties may request that the Court

13    include specific questions during the Court's standard voir dire.

14    Requested voir dire shall not duplicate information elicited in

15    the Clerk's Office Jury Questionnaire ("COJQ") and the

16    Court's Criminal Jury Trial Procedures Letter.

17    **13.    Exhibit Binders.** On the date set forth in the Summary of Deadlines,

18    after conferring with counsel at the pretrial conference, each party must

19    provide to all other parties and to the Court a Bates-stamped copy of all trial

20    exhibits — or, in the case of physical exhibits, a photograph or other

reproduction of the exhibit — the party intends to introduce at trial. All trial exhibits shall be organized sequentially by exhibit number in a three-ring binder.

**14.    JERS**

    **A.**    The Court utilizes the Jury Evidence Recording System (JERS), a system that makes electronic evidence available in the jury room during deliberations. **Counsel shall promptly consult the Court's "JERS Instructions for Attorneys"[4] to ensure they acquire, retain, and provide evidence to the Court in the necessary format**.

    **B.**    On the date set forth in the Summary of Deadlines, after conferring with counsel, each party who intends to introduce evidence at trial must supply a CD, DVD, or USB drive to the Courtroom Deputy containing all of that party's exhibits in the required format. Counsel may contact the Courtroom Deputy at (509) 943-8172 with any questions.

---

[4] This document can be found on the Court's public website at the following link: https://www.waed.uscourts.gov/sites/default/files/support/jers_basics_for_lawyers%207.2024.pdf

CASE MANAGEMENT ORDER – 13

15.     **Trial Notices.**  On the date set forth in the Summary of Deadlines, after conferring with counsel, each party shall file a notice that indicates the amount of time requested for opening statement and for voir dire.  In addition, defense counsel must indicate if his/her client waives presence at sidebar and jury questions.

16.     **Technology Readiness Meeting.**  On the date set forth in the Summary of Deadlines, any party seeking to offer video or audio evidence at trial must meet with Court staff at the location of the trial to verify compatibility with the Court's presentation systems.  The parties shall contact the Courtroom Deputy at (509) 943-8172 to arrange this meeting.

17.     **Trial**.  The jury trial is **SET** for **December 1, 2025**, at **9:00 AM** in **Richland**, Washington.  The **final pretrial conference** will commence at **8:30 AM** on the first day of trial.

18.     The pretrial conference is set for **November 6, 2025,** at **1:00 PM** in **Richland,** Washington.

19.     **Summary of Deadlines**

| | |
|---|---|
| **All pretrial motions, including discovery motions, *Daubert* motions, and motions *in limine*, filed** | **October 16, 2025** |
| **PRETRIAL CONFERENCE**<br>***Deadline for motions to continue trial*** | **November 6, 2025**<br>**1:00 PM - RICHLAND** |
| CIs' identities and willingness to be interviewed disclosed to Defendant (if applicable) | **November 17, 2025** |

CASE MANAGEMENT ORDER – 14

| Grand jury transcripts produced to Defendant<br>    Case Agent:<br>    CIs:<br>    Other Witnesses: | **November 17, 2025** |
|---|---|
| Exhibit lists filed and emailed to the Court | **November 17, 2025** |
| Witness lists filed and emailed to the Court | **November 17, 2025** |
| Trial briefs, jury instructions, verdict forms, and requested voir dire filed and emailed to the Court | **November 17, 2025** |
| Exhibit binders delivered to all parties and to the Court | **November 24, 2025** |
| Delivery of JERS-compatible digital evidence files to the Courtroom Deputy | **November 24, 2025** |
| Trial notices filed with the Court | **November 24, 2025** |
| Technology readiness meeting (in-person) | **November 24, 2025** |
| **FINAL PRETRIAL CONFERENCE** | **December 1, 2025**<br>**8:30 a.m. - RICHLAND** |
| **JURY TRIAL** | **December 1, 2025**<br>**9:00 a.m. - RICHLAND** |

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** September 25, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

CASE MANAGEMENT ORDER – 15